**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHAKKA SHANEAK JAMES** | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| **ACURA FINANCIAL SERVICES, et al**., | § | **Civ. No. 3:25-cv-3317** |
| | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT NAVY FEDERAL CREDIT UNION'S MOTION TO DISMISS

Defendant Navy Federal Credit Union ("***Navy Federal***") moves this Court, pursuant to Rule 12(b)(5), and subject thereto, Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims asserted against Navy Federal in the *Plaintiff's First Amended Complaint* [ECF No. 1-9] (the "***Complaint***") filed by Plaintiff Shakka Shaneak James ("***Plaintiff***").

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     INTRODUCTION ........................................................................................................ 1

II.    12(B)(5) MOTION TO DISMISS ............................................................................. 1

    A.    LEGAL STANDARD.......................................................................................... 1

        1.    Plaintiff failed to properly serve Navy Federal........................................... 2

III.   12(B)(6) MOTION TO DISMISS ............................................................................. 4

    A.    LEGAL STANDARD.......................................................................................... 4

    B.    PLAINTIFF FAILS TO ADEQUATELY PLEAD ANY FACTS TO SUPPORT HER CLAIM UNDER THE TDCPA AGAINST NAVY FEDERAL. .................. 5

        1.    Plaintiff fails to allege that the alleged debt at issue with respect to Navy Federal is a consumer debt......................................................................... 6

        2.    Plaintiff fails to sufficiently allege that Navy Federal is a "debt collector" as defined by the TDCPA. ......................................................................... 6

        3.    Plaintiff fails to allege—with any degree of specificity—conduct by Navy Federal that violates the TDCPA. ................................................................ 7

            a.    Plaintiff fails to plead facts sufficient to show that Navy Federal violated Section 392.202 of the TDCPA. ...................................... 7

            b.    Plaintiff fails to plead any facts showing that Navy Federal violated Section 392.307 of the TDCPA. ...................................... 8

            c.    Plaintiff likewise fails to allege sufficient facts showing Navy Federal violated Section 392.304 of the TDCPA. ......................... 8

        4.    Plaintiff fails to allege how she was damaged by Navy Federal's alleged violations of the TDCPA. ....................................................................... 10

    C.    FOR THE SAME REASONS STATED ABOVE, PLAINTIFF FAILS TO STATE A CLAIM BASED ON THE ALLEGED "VIOLATIONS" OF TEXAS FINANCE CODE SECTION 392.202 AGAINST NAVY FEDERAL. .............. 10

    D.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST NAVY FEDERAL UNDER THE DTPA.......................................................................................... 11

    E.    PLAINTIFF FAILS TO PLEAD ANY FACTS TO SUPPORT HER CLAIM UNDER THE FCRA AGAINST NAVY FEDERAL. ........................................ 12

    F.    PLAINTIFF DOES NOT PLEAD ANY FACTS IN SUPPORT OF HER CLAIM UNDER THE TRUTH IN LENDING ACT.......................................................... 12

    G.    THE COURT SHOULD NOT ALLOW PLAINTIFF FURTHER LEAVE TO AMEND THE COMPLAINT AS SUCH EFFORTS WOULD BE FUTILE. ...... 13

IV.   PRAYER................................................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................4, 5, 8

*Berry v. Indianapolis Life Ins. Co.*,
  608 F. Supp. 2d 785 (N.D. Tex. 2009) ..................................................11

*Busby v. Vacation Resorts International*,
  No. H-18-4570, 2019 WL 669641 (S.D. Tex. Feb. 19, 2019)................10

*Campbell v. City of San Antonio*,
  43 F.3d 973 (5th Cir. 1995) ...................................................................5

*Carimi v. Royal Carribean Cruise Line, Inc.*,
  959 F.2d 1344 (5th Cir. 1992) ...............................................................2

*Frankfort v. Metropolis Techs., Inc.*,
  No. 3:24-CV-02283-L, 2025 WL 2994736 (N.D. Tex. Aug. 29, 2025)...................5

*Hart v. Bayer Corp.*,
  199 F.3d 239 (5th Cir. 2000) .................................................................13

*Innomemory, LLC v. Sunflower Bank, N.A.*,
  No. A22CV00838ADADTG, 2023 WL 5216808 (W.D. Tex. Aug. 14, 2023),
  report and recommendation adopted, No. A-22-CV-00838-ADA, 2023 WL
  6202055 (W.D. Tex. Sept. 22, 2023)......................................................2, 3

*In re Katrina Canal Breaches Litig.*,
  309 F. App'x 833 (5th Cir. 2009) (per curiam) ......................................2

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
  22 F.3d 634 (5th Cir. 1994) ...................................................................1

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
  751 F.3d 368 (5th Cir. 2014) .................................................................13

*Melder v. Morris*,
  27 F.3d 1097 (5th Cir. 1994) .................................................................11

*Narvaez v. Wilshire Credit Corp.*,
    757 F. Supp. 2d 621 (N.D. Tex. 2010) ......................................................................9

*Papasan v. Allain*,
    478 U.S. 265 (1986).......................................................................................................4

*Putty v. Fed. Nat'l Mortg. Ass'n*,
    No. 3:16-CV-2562-D, 2017 WL 5070423 (N.D. Tex. Nov. 3, 2017), *aff'd*, 736
    F. App'x 484 (5th Cir. 2018) .....................................................................................5

*Sanghera v. Wells Fargo Bank, N.A.*,
    No. 3:10-cv-2414-B, 2012 WL 555155 (N.D. Tex. Feb. 21, 2012) .........................9

*Sys. Signs Supplies v. U.S. Dep't of Justice*,
    903 F.2d 1011 (5th Cir. 1990) ..................................................................................2

*Tu Nguyen v. Duy Tu Hoang*,
    318 F. Supp. 3d 983 (S.D. Tex. 2018), *appeal dismissed sub nom. Tu Nguyen
    v. Radio Free Asia*, No. 18-20529, 2018 WL 7142200 (5th Cir. Oct. 5, 2018) ......................5

*Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*,
    346 F. Supp. 3d 880 (N.D. Tex. 2018), *aff'd*, 787 F. App'x 194 (5th Cir. 2019)...................11

*UST-Mamiya, Inc. v. True Sports, Inc.*,
    No. 3:19-CV-2745-B, 2020 WL 905358 (N.D. Tex. Feb. 25, 2020) ...................................4, 5

*Varela v. Gonzales*,
    773 F.3d 704 (5th Cir. 2004) ....................................................................................13

*U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*,
    417 F.3d 450 (5th Cir. 2005) ....................................................................................11

**Rules**

FED. R. CIV. P. 4(e)(1)............................................................................................1, 2

FED. R. CIV. P. 4(h) ...................................................................................................1

FED. R. CIV. P. 9(b) .................................................................................................11

FED. R. CIV. P. 12(b)(5) .....................................................................................1, 3, 14

FED. R. CIV. P. 12(b)(6) ...............................................................................1, 4, 5, 13

FED. R. EVID. 201......................................................................................................3

**Statutes**

15 U.S.C. § 1640........................................................................................................12

15 U.S.C. § 1692a(6) ....................................................................................................6

TEX. BUS. & COM. CODE § 17.46 ..............................................................................11

TEX. FIN. CODE § 392.001(5) ......................................................................................6

TEX. FIN. CODE § 392.001(6) ......................................................................................6

TEX. FIN. CODE § 392.001(7) ......................................................................................6

TEX. FIN. CODE § 392.202 .............................................................................7, 8, 10, 11

TEX. FIN. CODE § 392.202(a)-(e) ................................................................................4

TEX. FIN. CODE § 392.304 ..................................................................................7, 8, 9

TEX. FIN. CODE §§ 392.304(a)(1)–(19) .................................................................8, 9

TEX. FIN. CODE § 392.307 .....................................................................................7, 8

TEX. FIN. CODE § 392.307(a)(1) .................................................................................8

TEX. FIN. CODE § 392.403 .............................................................................................5

TEX. FIN. CODE § 392.403(a)(2) ...............................................................................10

TEX. FIN. CODE § 392.404 ...........................................................................................11

TEX. FIN. CODE § 392.408(a)(18) ..............................................................................9

**Other Authorities**

TEX. CIV. PRAC. & REM. § 17.028 ...........................................................................2, 3

TEX. CIV. PRAC. & REM. § 17.028(c) ..........................................................................2

TEX. CIV. PRAC. & REM. § 17.028(c)(2) .....................................................................3

# I.
## INTRODUCTION

The Complaint should be dismissed for two independent reasons. First, Plaintiff did not properly serve Navy Federal with a copy of the Complaint, and so the Complaint should be dismissed on that basis under FED. R. CIV. P. 12(b)(5).

But more importantly, even if the Court were to find service was proper (which it was not), Plaintiff fails to adequately plead *any* of her numerous claims against Navy Federal. Plaintiff asserts causes of action under both Texas and federal consumer protection laws but fails to meet the threshold pleading requirements for her claims. The Court should, therefore, dismiss Plaintiff's claims against Navy Federal under FED. R. CIV. P. 12(b)(6).

# II.
## 12(B)(5) MOTION TO DISMISS

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(5) provides that a party may move to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Absent a waiver, Federal Rule 4(h) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h). Federal Rule 4(e)(1) states that service of process may also by effected in any judicial district of the United States by "following state law for serving a summons in an action brought in courts of

1

general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Texas law provides the mandatory methods of serving a financial institution. *Innomemory, LLC v. Sunflower Bank, N.A.*, No. A22CV00838ADADTG, 2023 WL 5216808, at *1 (W.D. Tex. Aug. 14, 2023), report and recommendation adopted, No. A-22-CV-00838-ADA, 2023 WL 6202055 (W.D. Tex. Sept. 22, 2023). Specifically, Section 17.028 of the Texas Civil Practice and Remedies Code controls service of process for financial institutions in Texas. *See* TEX. CIV. PRAC. & REM. § 17.028. There are specific, mandatory methods of service for credit unions, which state:

Citation may be served on a credit union by:

(1)     Serving the registered agent of the credit union; or

(2)     If the credit union does not have a registered agent, serving the president or vice president.

*See* TEX. CIV. PRAC. & REM. § 17.028(c). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). A plaintiff's *pro se* status does not excuse a failure to properly effect service of process. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

### 1.    Plaintiff failed to properly serve Navy Federal.

Plaintiff appears to have served Navy Federal, a credit union, via certified mail to its corporate headquarters:



[ECF No. 1-9 at 1]. Navy Federal has no registered agent in Texas.[1] Consequently, Plaintiff is required to serve Navy Federal pursuant to TEX. CIV. PRAC. & REM. § 17.028(c)(2), which requires service on Navy Federal's vice president or president. Instead, Plaintiff merely mailed the Complaint and citation to Navy Federal's headquarters at "1007 Electric Avenue Vienna, Virginia 22180" without further direction. This, of course, does not meet the requirements for valid service on a credit union under Section 17.028 of the Texas Civil Practice and Remedies Code which is the "mandatory and exclusive method to serve a foreign financial institution." *Innomemory*, 2023 WL 5216808, at *2.

The Court should dismiss the Complaint under Rule 12(b)(5) due to Plaintiff's failure to properly serve Navy Federal.

---

[1]     Navy Federal respectfully requests that this Court take judicial notice of this fact, as shown per the Texas Secretary of State, pursuant to Rule 201 of the Federal Rules of Evidence.

### III.
### 12(B)(6) MOTION TO DISMISS

Under a *very* liberal reading of the Complaint, Plaintiff appears to assert the following claims against Navy Federal: (1) violations of the Texas Debt Collection Practices Act (the "TDCPA"); (2) violations of the Texas Finance Code § 392.202(a)–(e); (3) violations of the Texas Deceptive Trade Practices Act (the "DTPA"); (4) violations of the Fair Credit Reporting Act (the "FCRA"); and (5) violations of the Truth in Lending Act.[2]

In essence, Plaintiff alleges that "Defendants' willful, knowing, and repeated unlawful debt collection practices, including the collection of unauthorized amounts, failure to validated disputed debts, misrepresentations to Plaintiff, use of subterfuge organizations, and failure to provide statutorily required notices." [ECF No. 1-9 at ¶ 62]. However, none of Plaintiff's claims against Navy Federal are adequately plead and therefore should be dismissed.

### A.    Legal Standard

In ruling on a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the Court assumes as true all well-pleaded facts in the plaintiff's complaint and views them in a light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Importantly, however, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *UST-Mamiya, Inc. v. True Sports, Inc.*, No. 3:19-CV-2745-B, 2020 WL 905358, at *2 (N.D. Tex. Feb. 25, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[2] Plaintiff also asserts claims under the Texas Business & Commerce Code, alleging a wrongful repossession of a vehicle against other defendants. It is clear on the face of the Complaint that these claims are not asserted against Navy Federal, thus Navy Federal does not address them in this Motion.

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The supporting facts must be plausible enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983, 998 (S.D. Tex. 2018), *appeal dismissed sub nom. Tu Nguyen v. Radio Free Asia*, No. 18-20529, 2018 WL 7142200 (5th Cir. Oct. 5, 2018) (citing *Twombly*., 550 U.S. at 556).

If either direct allegations on every material point necessary to sustain recovery or facts from which an inference fairly may be drawn are not contained therein, dismissal of the complaint is appropriate. *UST-Mamiya, Inc*. *v. True Sports, Inc.*, No. 3:19-CV-2745-B, 2020 WL 905358, at *2 (N.D. Tex. Feb. 25, 2020). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the *Iqbal* and *Twombly* standard to survive. *See Iqbal*, 556 U.S. at 678–79; *see also Twombly*., 550 U.S. at 555.

## B. Plaintiff fails to adequately plead any facts to support her claim under the TDCPA against Navy Federal.

The TDCPA provides a cause of action to a consumer based on certain actions taken by debt collectors in the process of collecting a qualify debt. TEX. FIN. CODE § 392.403. "The elements of a TDCPA claim are: (1) the debt is consumer debt; (2) the defendant is a debt collector, as defined by the TDCA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Frankfort v. Metropolis Techs., Inc.*, No. 3:24-CV-02283-L, 2025 WL 2994736, at *6 (N.D. Tex. Aug. 29, 2025) (citing *Putty v. Fed. Nat'l Mortg. Ass'n*, No.

3:16-CV-2562-D, 2017 WL 5070423, at *3 (N.D. Tex. Nov. 3, 2017), *aff'd*, 736 F. App'x 484 (5th Cir. 2018)).

### 1.    Plaintiff fails to allege that the alleged debt at issue with respect to Navy Federal is a consumer debt.

Plaintiff does not allege that she is a "consumer" or the debt at issue with respect to Navy Federal specifically is a "consumer debt" as required by the TDCPA. In fact, Plaintiff fails to allege any facts as the nature and amount of the alleged "debts" purportedly forming the basis of her claim against Navy Federal. Thus, Plaintiff has failed to meet the threshold requirement in pleading a claim under the TDCPA and, for that reason, the Court should dismiss Plaintiff's claims under the TDCPA against Navy Federal.

### 2.    Plaintiff fails to sufficiently allege that Navy Federal is a "debt collector" as defined by the TDCPA.

The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). "Third-party debt collector" means "a debt collector, as defined by 15 U.S.C. Section 1692a(6) . . . ." *Id.* § 392.001(7). 15 U.S.C. § 1692a(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due. . . . The term does not include: (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."

At no point does Plaintiff allege—even in a conclusory fashion—that Navy Federal is debt collector within the meaning of the TDCPA or that it made any effort to engage in debt collection as defined by the TDCPA. Thus, Plaintiff fails to plead all a claim under the TDCPA for which

relief may be granted. The Court should therefore dismiss Plaintiff's TDCPA claims against Navy Federal.

### 3. Plaintiff fails to allege—with any degree of specificity—conduct by Navy Federal that violates the TDCPA.

Plaintiff makes broad-sweeping (and conclusory) allegations regarding the alleged violations of three different sections of the TDCPA: (1) Section 392.202, describing the process through which a consumer may dispute the accuracy of a debt; (2) Section 392.307, dealing with the collection of consumer debts by certain debt buyers that are otherwise time barred; and (3) Section 392.304, prohibiting certain conduct in the debt collection process.

### a. Plaintiff fails to plead facts sufficient to show that Navy Federal violated Section 392.202 of the TDCPA.

Plaintiff alleges that certain defendants allegedly failed to investigate Plaintiff's dispute as to the accuracy of unspecified "debts" and continued collection efforts after Plaintiff disputed the debts as required under Section 392.202. [ECF No. 1-9 at ¶¶ 28–30]. Critically, among the "various third-party debt collectors and creditors" Plaintiff contends allegedly failed to comply with these provisions, Navy Federal is *not* mentioned. [*See* ECF No. 1-9 at ¶ 28 ("Defendants Resurgent Capital services, Optio Solutions d/b/a Qualia Collections Services, Credence Resource Management, Harris & Harris LTD, I.C. Systems, T-Mobile USA, Inc., Continental Services Group, Credit Control LLC, and Capital One Bank, (sic) failed to comply with these statutory duties.")].

Also not mentioned are the amount or nature of any debts Plaintiff might owe to Navy Federal, which of her debts Plaintiff disputed, the method or channel by which Plaintiff allegedly disputed the validity of said debts, the date or dates upon which Plaintiff disputed these alleged debts, any factual basis Plaintiff may have had for the disputes she allegedly made, or any statement with respect to the timing or nature of the collections activity that allegedly occurred

related to these debts, either before or after Plaintiff's alleged dispute(s). Without such facts, Plaintiff's claim is entirely speculative and constitutes, "a mere formulaic recitation of the elements of a cause of action," which does not give fair notice to Navy Federal of the actual nature of Plaintiff's claim nor the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Plaintiff does not plead any facts that could constitute a violation of Section 392.202 by Navy Federal. As a result, the Court should dismiss Plaintiff's claim against Navy Federal predicated on this alleged violation.

### b. Plaintiff fails to plead any facts showing that Navy Federal violated Section 392.307 of the TDCPA.

Section 392.307 prohibits a "debt buyer" from, "directly or indirectly, commenc[ing] an action against or initiat[ing] arbitration with a consumer to collect a consumer debt after the expiration of the applicable limitations period provided by [relevant statutes]." TEX. FIN. CODE § 392.307.

Plaintiff does not allege that Navy Federal is "debt buyer" as defined by Section 392.307(a)(1)—which it is not——nor does she allege that Navy Federal has attempted to commence an action against her to collect a time barred debt. Thus, Plaintiff's claim against Navy Federal for alleged violations of Section 392.307 should be dismissed.

### c. Plaintiff likewise fails to allege sufficient facts showing Navy Federal violated Section 392.304 of the TDCPA.

As for Plaintiff's claims under Section 392.304, those too must be dismissed as they are insufficiently plead. Section 392.304 provides a list of prohibited practices. *See* TEX. FIN. CODE §§ 392.304(a)(1)–(19). Plaintiff cites section 392.304(a)(8), which prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or mispresenting the consumer debt's status in a judicial or governmental proceeding[.]" TEX. FIN. CODE § 392.304(a)(8). "In order for a statement by a party to constitute a misrepresentation under the

8

[TDCPA], [the defendant] must have made a false or misleading assertion." *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2414-B, 2012 WL 555155, at * 9 (N.D. Tex. Feb. 21, 2012) (citing *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010)). Also cited is section 392.304(a)(18), which prohibits a debt collector from "representing that a consumer debt is being collected by an independent, bona fide organization engaged in the business of collecting past due accounts when the debt is being collected by a subterfuge organization under the control or direction of the person who is owed the debt[.]" Tex. Fin. Code § 392.304(a)(18).

Here, Plaintiff makes only a few fleeting references to Section 392.304: (1) "Cycling the debt among collectors without validation constitutes . . . a misrepresentation under § 392.304(a)(8)[;]"(2) "Defendants unlawfully used a subterfuge organization to collect alleged consumer debts, in violation of [§ 392.408(a)(18)] [;]" and (3) "Defendant[] Navy Federal Credit Union, an others[,] engaged in collection activity while Plaintiff disputes regarding alleged debts were pending." [ECF No. 1-9 at ¶¶ 33, 36, 45]. But even under the most liberal reading of the Complaint, these barebones allegations are simply insufficient to plead a claim under the TDCPA. Importantly, Plaintiff does not plead, with any specificity, facts necessary to establish even the existence of a debt owed to Navy Federal by Plaintiff.

Also noticeably absent are any facts regarding the amount of the alleged debt, any specifics as to Navy Federal's alleged attempts to collect on that debt, any alleged misrepresentations, false claims, or other prohibited collections practices that could rise to the level of a violation of the TDCPA. Neither does Plaintiff make any credible assertions that a subterfuge organization was employed, let alone any relationship of such an organization to debt Plaintiff might owe to Navy Federal.

Instead, Plaintiff lumps all of the defendants and all of the alleged debts together into her shotgun-style, conclusory factual allegations, which consist solely of rote recitations of portions of the TDCPA. This is improper and does not meet the pleading standard under the Federal Rules of Civil Procedure. Accordingly, Plaintiff fails to adequately plead a claim under the TDCPA against Navy Federal.

### 4. Plaintiff fails to allege how she was damaged by Navy Federal's alleged violations of the TDCPA.

"[The TDCPA] requires a plaintiff to plead that [she] has suffered an actual, foreseeable injury as a result of the defendant's wrongful acts." *Busby v. Vacation Resorts International*, No. H-18-4570, 2019 WL 669641, at *11 (S.D. Tex. Feb. 19, 2019) (citing TEX. FIN. CODE § 392.403(a)(2)) (dismissing a claim under the TDCPA due to plaintiff's failure to specifically plead the amount and nature of damages resulting from the alleged violations of the TDCPA).

Here, Plaintiff makes a single cursory allegation regarding her alleged damages resulting from the alleged violations of the TDCPA: "Defendants have caused Plaintiff actual harm, including stress, financial uncertainty, credit damage, and loss of time and resources." [ECF No. 1-9 at ¶ 43]. Plaintiff goes on to allege that she seeks "monetary relief in an amount over $1,000,000, which includes actual damages, statutory damages, treble damages, punitive damages, attorney's fees, and costs, as allowed by applicable law." [ECF No. 1-9 at ¶ 63]. Plaintiff does not even attempt to quantify the damage resulting from any of the alleged violations, let alone Navy Federal's alleged violations. Consequently, Plaintiff's alleged damages are not sufficiently plead and, therefore, the Court should dismiss Plaintiff's TDCPA claims against Navy Federal.

### C. For the same reasons stated above, Plaintiff fails to state a claim based on the alleged "violations" of Texas Finance Code Section 392.202 against Navy Federal.

Plaintiff asserts a redundant claim under Section 392.202, seemingly predicated on the same alleged conduct as her TDCPA claim. [*See* ECF No. 1-9 at ¶¶ 46–50]. Thus, for the reasons

set out above in Section III.B.3.a., Plaintiff's claim specifically under TEX. FIN. CODE § 392.202

should be similarly dismissed.

**D.    Plaintiff fails to state a claim against Navy Federal under the DTPA.**

Plaintiff alleges:

> Defendants knowingly and intentionally engaged in unfair, deceptive, and misleading acts and practices in violation of Tex. Bus. & Com. Code § 17.46, as incorporated by Tex. Fin. Code § 392.404. Defendants' actions include, but not limited to: (a) Misrepresenting the status, amount, and validity of debts; (b) Collecting amounts no[t] legally owed, including post-repossession fees and inflated deficiencies; (c)Using [sic] subterfuge organizations to collect debts; and (d) Failing to provide required notices under Texas law.

[ECF No. 1-9 at ¶ 52].

A plaintiff's claim under the DTPA must meet Rule 9(b)'s heightened pleading standards.

*Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 889 (N.D. Tex.

2018), *aff'd*, 787 F. App'x 194 (5th Cir. 2019); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp.

2d 785, 800 (N.D. Tex. 2009). Under Rule 9(b), "a party must state with particularity the

circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Rule 9(b) requires specifying

"the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell

Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005); *see also Melder v. Morris*, 27 F.3d

1097, 1100 n.5 (5th Cir. 1994).

As demonstrated above, the Complaint lacks any degree of specificity as to Navy Federal's

alleged misconduct—it fails to describe even the most basic facts such as the amount of the debt

and a single instance in which Navy Federal allegedly acted improperly. Plaintiff's conclusory

Complaint is insufficient, and Plaintiff's claim under the DTPA against Navy Federal should be

dismissed.

**E.    Plaintiff fails to plead any facts to support her claim under the FCRA against Navy Federal.**

In the Complaint, Plaintiff alleges that "Defendants Resurgent Capital Services, Experian, *and other furnishers* knowingly reported disputed debts to consumer reporting agencies without accurately reflecting the Plaintiff's dispute." [ECF No. 1-9 at ¶ 54].

Under a liberal reading of the Complaint, it is not immediately clear whether Plaintiff intends to assert a claim under the FCRA against Navy Federal, but if she does, that claim fails in the same manner as the claims above. Plaintiff does not plead any facts showing that a debt (to the extent that it even exists or is subject to this Complaint) was disputed. Neither does she plead the basis for any disputes with respect to Navy Federal debt, nor when such disputes may have occurred. No facts are provided regarding channels or methods by which Plaintiff allegedly disputed such potential Navy Federal debt. Nor can Navy Federal determine, based on this complaint, which debts it is alleged to have improperly reported or the dates for which reporting was improper. Thus, to the extent Plaintiff intends to assert a claim under the FCRA against Navy Federal, Plaintiff fails to adequately plead such a claim and the Court should grant Navy Federal's Motion.

**F.    Plaintiff does not plead any facts in support of her claim under the Truth in Lending Act.**

Out of an abundance of caution, Navy Federal addresses the first and only reference to the federal Truth in Lending Act ("TILA") made in the "Claims for Relief" paragraph of the Complaint. [ECF No. 1-9 at ¶ 62]. There, Plaintiff generally alleges a violation of 15 U.S.C. § 1640, which is the section of the TILA that provides civil liability for "any creditor who fails to comply with any requirement imposed" under this chapter.

Plaintiff does not plead a single fact needed to support such a claim, namely that Navy Federal and Plaintiff entered into a qualifying transaction or that Navy Federal failed to make any

required disclosures regarding the same. Indeed, the Complaint is entirely devoid of any facts implicating the TILA. Thus, to the extent Plaintiff pleads a claim under the TILA against Navy Federal, such a claim should be dismissed.

**G.      The Court should not allow Plaintiff further leave to amend the Complaint as such efforts would be futile.**

While courts often allow plaintiffs—particularly pro se plaintiffs—leave to amend a complaint following the granting of a motion to dismiss, the Court should not do so here as any further attempts to amend the Complaint would be futile. "[A] district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2004). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). A court should not dismiss a complaint with prejudice "unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

As a threshold matter, Plaintiff has already amended the Complaint once, and despite that opportunity to adequately plead her claims, she failed to do so. [*See* EFC No. 1-9]. But more to the point, Plaintiff cannot plead any facts that Navy Federal used improper means to collect a consumer debt *because none exist*. Nor do any facts exist to show that Navy Federal violated the FCRA by reporting disputed debts or the TILA by failing to disclose terms of a qualifying extension of credit.

Because Plaintiff cannot cure the defects in the Complaint with respect to her claims against Navy Federal, granting leave to amend the Complaint would be futile, and so the Court should deny Plaintiff leave to further amend her complaint.

**IV.**
**P**RAYER

WHEREFORE, Navy Federal respectfully requests that this Court grant this Motion under

Rule 12(b)(5) and/or (6), and further requests all relief to which it is entitled.

Respectfully submitted,

By: */s/ Kasi Chadwick*
**K**ASI **C**HADWICK
Federal Bar No. 2421911
Texas Bar No. 24087278
Email: Kasi.Chadwick@nelsonmullins.com

**N**ELSON **M**ULLINS
**R**ILEY **& S**CARBOROUGH**, LLP**
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Tel: 346.646.3221
Fax: 346.241.3758

**ATTORNEYS FOR DEFENDANT**
**NAVY FEDERAL CREDIT UNION**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon the following parties/counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's ECF system on December 9, 2025:

By: */s/ Kasi Chadwick*
Kasi Chadwick

14