IN THE UNITED STATES DIDTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**SHAKKA SHANEAK JAMES**

**Plaintiff**

V                                  Case No. 3:25-cv-03371-N-BN

**Acura Financial Services, ET AL**

    **Defendants.**

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**

COMES NOW, SHAKKA SHANEAK JAMES, ("Plaintiff") appearing pro se and for cause of action against defendants would show onto the courts as follows:

**Jurisdiction and Venue**

1. Federal Question Jurisdiction. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, including Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
2. Diversity Jurisdiction. This Court has original jurisdiction under 28 U.S.C. § 1332(a) because: The matter in controversy exceeds $75,000, exclusive of interest and costs; and
3. Supplemental Jurisdiction. The Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), because they arise from the same transaction or occurrence as the federal claims and form part of the same case or controversy under Article III of the United States Constitution.
4. Venue is proper in this district under 28 U.S.C. § 1391(b) because: A substantial part of the events or omissions giving rise to the claims occurred in this district; and
5. Alternative Venue / Transfer. Should the Court find that another district is more appropriate, Plaintiff requests that the Court transfer this case to a proper venue pursuant to 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of the parties and witnesses.

**NATURE OF THE CASE**

1. This action arises under the Texas Debt Collection Act, Texas Business and Commerce code Chapter 392, and applicable federal consumer protection laws including the Fair Credit Reporting Act. The Plaintiff seeks redress for damages caused by multiple creditors who have failed to properly verify alleged debts, engaged in fraudulent or misleading contractual practices and misrepresented the amount or validity of debts.
2. Plaintiff alleged that one or more consumer reporting agencies have failed in their statutory duties to investigate and correct inaccuracies in the Plaintiff's credit report, including the continued reporting of unverified and disputed debts. These failures have caused the Plaintiff economical harm, mental anguish, emotional distress, and reputational damage.
3. The Plaintiff request this Court to hold defendants accountable for violations of federal and state law, enjoin the continued reporting of unverified debts, and award actual and statutory damages, along with treble damages, attorney fees and court costs.

## PARTIES

4. **Acura Financial Services,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

5. **Nissan Motor Acceptance Company LLC,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

6. **Kafene Inc,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

7. **Bridgecrest Acceptance Company LLC,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

8. **HS Financial Group LLC,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

9. **T-Mobile USA Inc.,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

10. **Credence Resource Management LLC,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

11. **Harris & Harris LTD,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

12. **Continental Services Group LLC,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

13. **Resurgent Capital Services, LP,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

14. **Optio Solutions LLC DBA Qualia Collection Services,** c/o Registered Agent Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701

15. **I.C. System,** Registered Agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136

16. **Credit Control LLC,** Registered Agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136

17. **Bounce AI Inc,** Registered Agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136

18. **Capital One Bank, President & CEO** Richard Fairbank, 1680 Capital One Drive, McLean, VA 22102-3491
19. **Mohela,** Registered Agent: CT Corporation, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914

## Facts and Causes of Action

20. Beginning on June 20, 2025, Plaintiff disputed certain items of credit first discovered in November 2023. Plaintiff challenged the accuracy of the debts being reported and collected by various third-party debt collectors and creditors by sending a Conditional Offer Settlement Letter dated June 20, 2025, a Notice of Default dated July 30, 2025, and a Notice of Cancellation dated August 19, 2025, in accordance with Tex. Fin. Code § 392.202. Despite these disputes, Defendants continued collection efforts and reporting of the alleged debts without proper investigation or validation, violating Tex. Fin. Code §§ 392.202, 392.301(a)(3), 392.304, 392.404 (TDCA) and federal law, including 15 U.S.C. § 1681s-2(a)(3) (FCRA) and, for third-party collectors, 15 U.S.C. §§ 1692e, 1692f, 1692g (FDCPA).

21. Plaintiff sent the Conditional Offer of Settlement (June 20, 2025), Notice of Default (July 30, 2025), and Notice of Cancellation (August 19, 2025) simultaneously to all Defendants.

22. All Defendants continued reporting and collection activities after receiving Plaintiff's disputes, in violation of the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(a)(3)), which requires furnishers to investigate and accurately report disputed debts. Defendants also violated Tex. Fin. Code § § 392.202, 392.301, 392.304, which mandate proper investigation, debt validation, and accurate reporting before further collection activity may proceed.

23. Defendants' conduct, including continued collection, reporting, and misrepresentation after receipt of Plaintiff's statutory notices and disputes through Experian, was knowing and willful. Such actions constitute deceptive and unfair practices actionable under the Texas Deceptive Trade Practices Act (Tex. Fin. Code § 392.404), and also violate federal law, including 15 U.S.C. § 1681s-2(a)(3) (FCRA) for failure to investigate and accurately

report disputed debts, and, for third-party debt collectors, 15 U.S.C. §§ 1692e, 1692f, 1692g (FDCPA).

24. Between June and September 2025, rather than providing the required debt validation—including a valid contract, chain of title, and accounting with payment history—Defendants Credence Resource Management, Harris & Harris LTD, I.C. Systems, T-Mobile USA Inc., Continental Services Group, LLC, and Credit Control LLC recalled and reassigned the alleged debts back to the original creditor upon receiving Plaintiff's Conditional Settlement Offer Letter or Notice of Default. The original creditor then placed the alleged debts with another third-party debt collector, cycling the debts to avoid proper validation. This conduct violates Tex. Fin. Code § 392.304(a)(8) and § 392.202, and, for third-party collectors, also violates federal law, including 15 U.S.C. § 1681s-2(a)(3) (FCRA) and 15 U.S.C. §§ 1692e, 1692f, 1692g (FDCPA), by failing to investigate, report accurately, and provide proper debt validation before continuing collection activities.

25. Between June and September 2025, Plaintiff sent either a Conditional Settlement Offer Letter, Notice of Default, or Notice of Cancellation to the new holders of the alleged debts. Despite these disputes, the debts were never properly validated, and Defendants repeatedly cycled the alleged debts between the original creditor and new third-party debt collectors, depriving Plaintiff of the statutory right to debt validation before further collection activity. This conduct violates Tex. Fin. Code §§ 392.202(a) and 392.301(a)(4) and, for third-party collectors, also violates federal law, including 15 U.S.C. § 1681s-2(a)(3) (FCRA) for failing to accurately report disputed debts, and 15 U.S.C. §§ 1692e, 1692f, 1692g (FDCPA) for continuing collection without proper validation.

26. September 2018, Plaintiff traded in a financed vehicle that included GAP insurance for a leased vehicle with Acura of Fort Worth, Texas. The plaintiff was never reimbursed for the GAP insurance on the financed vehicle. Under Texas Insurance Code § 1153.202, if the underlying debt or the insurance terminates before the originally scheduled termination date, the insured is entitled to a refund of unearned premium, and that refund must be paid or credited promptly to the person entitled to it after the insurer receives notice of the termination of the debt. Despite this statutory requirement, Plaintiff did not

receive a refund or pro-rata credit for the unused GAP coverage, and the account summary does not reflect the GAP refund being applied to the leased vehicle.

27. 2019, the leased vehicle was totaled. Plaintiff had full coverage insurance through Progressive. The account summary reflects a $0 balance, yet the GAP credit is not shown as being applied to any remaining balances after the total loss. Moreover, the account summary contains inconsistent entries, with amounts added, removed, and added again, raising significant questions about its accuracy and compliance with applicable Texas regulations governing the handling of GAP waivers and refunds. Texas Finance Code Section 342.402 and related provisions require that a GAP waiver agreement offered in connection with a consumer loan be clearly disclosed as optional, and that the amount charged be reasonable. Additionally, under 7 Tex. Admin. Code § 83.812, upon termination of a GAP waiver agreement prior to the scheduled maturity date of a loan (including in the event of total loss), the licensee must provide a pro-rata refund or credit of the unearned portion of the GAP fee.

28. Despite these requirements, to date, Acura Financial Services is reporting an alleged debt of $3,169 on Plaintiff's consumer report, reflecting inaccurate and misleading information. See Doc. 16, Exhibit 3 under Case No. 3:25-cv-01855-S-BN. Such reporting violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to ensure that reported information is complete and accurate; the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.301–392.403, by engaging in deceptive or misleading practices in connection with debt collection; and the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.46(b), by failing to apply the GAP insurance proceeds properly and issuing false account statements.

29. On April 11, 2022, Plaintiff purchased a 2016 Ford Fusion from Carvana, LLC in Fort Worth, Texas under a Motor Vehicle Retail Installment Contract and Retail Purchase Agreement. Bridgecrest Acceptance Company, LLC, Bridgecrest Acceptance Corporation, DriveTime, or any affiliated entity is a non-signatory to the contract and has no contractual privity with Plaintiff. Bridgecrest admits the contract was with Carvana, and Plaintiff never signed any agreement creating an obligation to Bridgecrest. See Response & Opposition to Bridgecrest Affirmative Defenses.

30. June or July 2023, Bridgecrest repossessed the vehicle in Atlanta, Georgia without proper attachment or perfection under Tex. Bus. & Com. Code §§ 9.203, 9.311, and entered a locked, gated apartment garage without consent or judicial process, constituting a breach of peace under Tex. Bus. & Com. Code § 9.609(b)(2) and O.C.G.A. § 11-9-609(b)(2). The vehicle was sold post-repossession for $11,400, below its Blue Book value of $14,500–$16,000, constituting a commercially unreasonable sale under Tex. Bus. & Com. Code § 9.610. A $651.55 service contract refund was never credited.

31. September 2025, Bridgecrest sent Plaintiff a notice stating it was no longer the owner of the alleged debt and that HS Financial Group, LLC was the new owner. The correspondence falsely reflected an increased debt balance from $6,518 to over $7,000, misrepresenting the amount due in violation of Tex. Fin. Code §§ 392.303, 392.304(a)(8), and TDCA prohibitions against deceptive debt collection practices.

32. November 2025, Bridgecrest responded to Plaintiff's complaint in the 160th Dallas County District Court (Case No. DC-25-20184) but omitted key repossession documents showing the commercially unreasonable sale, improper fees, and inaccurate accounting. These omissions deprived Plaintiff of statutory protections and contribute to a process that is inequitable and violates the Texas Deceptive Trade Practices Act (Tex. Fin. Code § 392.404).

33. Defendant HS Financial Group, LLC has attempted to collect an amount in excess of the original debt of $6,518.00, misrepresenting the amount owed (Tex. Fin. Code §§ 392.303, 392.304(a)(8), 392.404; 15 U.S.C. §§ 1681s-2(a)(3), 1692e, 1692f). On September 10, 2025, Plaintiff sent HS Financial a Conditional Settlement Offer Letter, which Defendant failed to respond to, violating Tex. Fin. Code § 392.202 and federal debt collection requirements (15 U.S.C. § 1692g).

34. Between June and September 2025, Plaintiff became aware that Defendants T-Mobile USA Inc., Credence Resource Management, I.C. Systems, Harris & Harris LTD, Continental Services Group, LLC, Optio Solutions Inc. d/b/a Qualia Collection Services, and Credit Control LLC were operating as subterfuge entities to collect alleged consumer debts. These actions violate the TDCA (Tex. Fin. Code §§ 392.301(a)(8), 392.303, 392.304(a)(18), 392.404) and federal law, including the FCRA (15 U.S.C. § 1681s-2(a)(3)) and, for third-party collectors, the FDCPA (15 U.S.C. §§ 1692e, 1692f, 1692g)

by attempting to collect debts without proper validation, misrepresenting amounts owed, and using unfair or deceptive practices.

35. Between January and September 2025, Defendants Credence Resource Management, Optio Solutions Inc. d/b/a Qualia Collection Services, Harris & Harris LTD, I.C. Systems, Continental Services Group, LLC, Credit Control LLC, Resurgent Capital Services, LP, and Bounce AI Inc. failed to provide the mandatory notices in their collection statements as required by Tex. Fin. Code § 392.307 and the TDCA. By omitting these statutorily required disclosures, Defendants engaged in deceptive debt collection practices prohibited under Tex. Fin. Code §§ 392.301(a)(8), 392.303, 392.304, 392.404. Their actions also violated federal law, including 15 U.S.C. § 1681s-2(a)(3) under the FCRA for failing to accurately report and disclose disputed debt information, and, for those acting as third-party debt collectors, the FDCPA (15 U.S.C. §§ 1692e, 1692f, 1692g) by failing to provide required debt validation and disclosures to the consumer.

36. 2019, while a resident of Texas, Plaintiff submitted an inquiry to the Federal Bureau of Investigation after learning that Plaintiff's name, social security number, date of birth, phone numbers, and email addresses had been exposed on the dark web. In 2022, in Richmond County, Augusta, Georgia, Plaintiff filed a police report after learning that McAfee had confirmed Plaintiff's social security number was being used fraudulently in Texas. From 2022 to the present, Defendant Kafene Inc. has continued to report a collection on Plaintiff's consumer report despite receiving notice of identity theft. Defendant's continued collection efforts after seven business days of receiving proper notice violate the Fair Credit Reporting Act (15 U.S.C. § 1681c-2, 1681s-2(a)(3)), which requires furnishers to block fraudulent information and correct consumer reporting data once identity theft is verified. These actions also constitute deceptive and unfair debt collection practices under Tex. Fin. Code §§ 392.301(a)(3), 392.303, 392.304, 392.404.

37. 2022 through 2025, Defendant Nissan Motor Acceptance Company, LLC has continued to report monthly charge-offs on Plaintiff's consumer report even after admitting it no longer owned the debt and had sold it to NCB Management Services (see Doc.16, Exhibit 6 under Case No. 3:25-cv-01855-S-BN). These actions constitute a violation of the Fair Credit Reporting Act (15 U.S.C. §§ 1681s-2(a)(1), 1681s-2(a)(3)), which requires

furnishers to accurately report consumer information and to update or correct information once ownership of the debt has transferred. The continued reporting of inaccurate debt information also violates the Texas Finance Code §§ 392.202, 392.303, 392.304(a)(8), and 392.404 (TDCA) by engaging in deceptive and misleading collection practices.

38. July 2025 to the present, Defendant Experian has failed to conduct reasonable investigations of disputed information on Plaintiff's credit report, failed to validate or delete inaccurate tradelines, and removed and later reinserted the Mohela tradeline without explanation or certification. As a direct result, Plaintiff has been denied credit needed to launch omegashops.pro, constituting an adverse action. Defendant Experian's conduct violates: Federal law: 15 U.S.C. §§ 1681i(a), 1681i(a)(5), 1681e(b) — requiring consumer reporting agencies to conduct reasonable investigations of disputed information and ensure the accuracy of consumer reports. Texas law: Tex. Fin. Code §§ 392.202, 392.301(a)(3),(a)(8), 392.304(a)(8), 392.307, 392.404 — by failing to investigate or correct disputed information, misrepresenting the status of tradelines, engaging in unfair or deceptive reporting practices, and contributing to financial harm.

39. Between September and October 2025, while conducting a search of the Dallas County records, Plaintiff discovered a lien filed by Lonestar Managing General Agency. Plaintiff is unaware of the nature or purpose of the lien and has never received any citation, notice, or opportunity to appear in court or at a hearing regarding the lien. The failure to provide notice or an opportunity to contest the lien constitutes a violation of Texas Finance Code § 392.301(a)(3) and § 392.304(a)(8), which prohibit unfair, deceptive, or misleading debt collection practices. This failure also denies Plaintiff due process under Texas law and may constitute a wrongful lien filing or unauthorized encumbrance

40. 2023, 2024, and 2025. Plaintiff submitted a PSLF application to Mohela. Defendant, MOHELA's failure to process Plaintiff's Public Service Loan Forgiveness application and provide accurate, timely information regarding its status is consistent with widespread servicing delays and alleged mismanagement cited in recent PSLF-related litigation. CFPB supervisory guidance establishes that servicers must communicate accurate eligibility and processing information under federal consumer financial law, and misrepresentations or failures to act may constitute UDAAP violations for deceptive servicing practices.

41. As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic harm and mental anguish, including stress, financial uncertainty, credit damage, and loss of time and resources. Pursuant to Tex. Fin. Code §§ 392.403, 392.404 and the Texas Deceptive Trade Practices Act (DTPA), Defendants are liable for actual damages in the amount of $100,000 per defendant, statutory damages of $500 per violation per defendant, and court costs of $175 per defendant. Plaintiff is also entitled to treble damages for DTPA violations and injunctive relief to compel Defendants to cease reporting inaccurate information on Plaintiff's credit report. Additionally, Defendants' actions constitute violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681s-2(a)(3), 1681i, 1681e(b)) and, where applicable, the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e, 1692f, 1692g), providing the basis for federal remedies and recovery of damages.

**Jury Demand**

Plaintiff hereby demands a trial by jury on all claims and issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff SHAKKA SHANEAK JAMES respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and grant the following relief:

1. Actual Damages: Award Plaintiff actual damages for economic harm, credit damage, mental anguish, and emotional distress in an amount to be proven at trial, including but not limited to $100,000 per defendant under the Texas Deceptive Trade Practices Act (DTPA) and Texas Finance Code §§ 392.403–392.404;

2. Statutory and Treble Damages: Award statutory damages pursuant to Tex. Fin. Code §§ 392.403, 392.404 and the DTPA, including $500 per violation per defendant, and treble damages for DTPA violations;

3. Injunctive Relief: Issue an injunction ordering Defendants to immediately cease reporting inaccurate, misleading, or unverified information regarding Plaintiff's debts to any credit

reporting agencies, and to take corrective action to ensure all consumer reports accurately reflect the Plaintiff's credit history;

4. Declaratory Relief: Declare that Defendants' actions violated the Fair Credit Reporting Act (15 U.S.C. §§ 1681s-2(a)(3), 1681i, 1681e(b)), the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e, 1692f, 1692g), and the Texas Debt Collection Act (Tex. Fin. Code §§ 392.202, 392.301, 392.304, 392.404), as applicable;

5. Reimbursement and Refunds: Order Defendants, including but not limited to Acura Financial Services, to reimburse Plaintiff for unearned GAP insurance premiums, service contract refunds, and any other amounts improperly retained or misapplied;

6. Costs and Attorney's Fees: Award Plaintiff all costs of court, including filing fees, service of process fees, and, where applicable, reasonable attorney's fees and expenses pursuant to Tex. Fin. Code § 392.403 and the DTPA;

7. Prejudgment and Post judgment Interest: Award prejudgment and post judgment interest as allowed by law;

8. Such Other Relief: Grant Plaintiff any other and further relief, both at law and in equity, to which she may be justly entitled.

**Respectfully Submitted,**

/s/ Shakka Shaneak James
SHAKKA SHANEAK JAMES

All Rights Reserved, Without Prejudice UCC 1-308

All correspondences shall be addressed to, when electronic means are unavailable:
Shakka Shaneak James
Mailing Address: 1445 Woodmont Ln NW 3213, Atlanta, Georgia 30318
Phone: 404.428.3324 | Email: ministryjlm@proton.me

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon the Following parties/counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's ECF system on December 11, 2025:

/s/ Shakka Shaneak James
SHAKKA SHANEAK JAMES