IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**SHAKKA SHANEAK JAMES**

**Plaintiff**

**V**                                                         Case No. 3:25-cv-03371-N-BN

**Acura Financial Services, ET AL**

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(Rule 55(b)(2))

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW Plaintiff SHAKKA SHANEAK JAMES, appearing pro se, and respectfully moves the Court for entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against the following Defendants (collectively, the "Defaulting Defendants"):**

**In support, Plaintiff would respectfully show the Court as follows:**

PROCEDURAL BACKGROUND

1. **Plaintiff filed the operative Complaint asserting federal and Texas statutory claims under, inter alia, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ 392.202, 392.301, 392.303, 392.304, 392.307, 392.403–392.404; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b), 1681i, 1681c-2; and the Fair Debt**

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, 1692g, as pleaded in the operative Complaint.

2. Each Defaulting Defendant was properly served with the summons and operative Complaint.

3. Plaintiff provided written notices of default and statutory dispute notices prior to seeking this relief.

4. Defendants who responded in Texas state court failed to file a verified denial under oath as required by TRCP 93 and 185, admitting all uncontested factual allegations and waiving certain defenses, including contractual privity, ownership, and standing. These admissions carry forward after removal and support default judgment under Fed. R. Civ. P. 55.

5. Plaintiff now requests entry of Default Judgment under Rule 55(b)(2) and a hearing to determine damages, statutory damages where applicable, and equitable relief.

## LEGAL STANDARD

6. Upon default, the well-pleaded factual allegations of the Complaint—other than those relating to damages—are deemed admitted. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

7. A defendant's failure to timely respond after removal subjects it to default under Fed. R. Civ. P. 55, and defenses waived or admitted under state law prior to removal remain waived. See Fed. R. Civ. P. 81(c); Butner v. Neustadter, 324 F.2d 783, 785–86 (9th Cir. 1963).

8. For defendants who did respond in the Texas state court before removal, failure to file a verified denial under oath, as required by Texas Rules of Civil Procedure 93 and 185, constitutes an admission of all factual allegations not controverted and a waiver of certain defenses, reinforcing the basis **for default judgment under Rule 55. See Tex. R. Civ. P. 93, further establishing liability for misrepresentation, deceptive practices, and unlawful collection activity under the TDCA, DTPA (via Tex. Fin. Code § 392.404), FDCPA, and FCRA 185.**

9.

## LIABILITY — KNOWING AND WILLFUL FEDERAL VIOLATIONS

10. **Defendants' conduct was knowing and willful under federal law, as Defendants continued unlawful collection and credit reporting after receiving direct disputes and credit bureau disputes, triggering statutory duties.**

11. **Fair Credit Reporting Act (FCRA) Defendants violated the FCRA by Failing to conduct reasonable investigations after notice of dispute, in violation of 15 U.S.C. §§ 1681s-2(b), 1681i; continuing to report disputed debts without noting the dispute, in violation of 15 U.S.C. § 1681s-2(a)(3); re-reporting or reinserting inaccurate information without certification, in violation of 15 U.S.C. § 1681i(a)(5).**

12. **These violations were willful within the meaning of 15 U.S.C. § 1681n, as Defendants had actual notice of the disputes and consciously disregarded their statutory obligations.**

13. **Fair Debt Collection Practices Act (FDCPA). Third-party debt collector Defendants violated the FDCPA by: continuing collection activity without validating the debt, in violation of 15 U.S.C. § 1692g(b); using false, deceptive, or misleading representations, in violation of 15 U.S.C. § 1692e; and employing unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.**

14. **These violations were knowing and intentional, as Defendants persisted after receipt of Plaintiff's written disputes and statutory notices.**

## TEXAS STATUTORY VIOLATIONS (ADMITTED BY DEFAULT)

15. **Defendants' conduct further violates the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 et seq., including but not limited to: (a) Failure to investigate and correct disputed debts after written notice, in violation of Tex. Fin. Code § 392.202; (b) Misrepresenting the character, amount, or legal status of alleged debts, in violation of Tex. Fin. Code § 392.304(a)(8), (a)(19); (c) Using deceptive means to collect debts, including cycling accounts between collectors to avoid validation obligations, in violation of Tex. Fin. Code § 392.304(a); (d) Engaging in unfair or unconscionable collection practices, including continued collection without validation, in violation of Tex. Fin. Code § 392.301(a)(4); (e) Continuing collection**

    and credit reporting after receipt of statutory notices, constituting knowing and willful misconduct.

16. Pursuant to Tex. Fin. Code § 392.404, each TDCA violation constitutes a deceptive trade practice under the Texas Deceptive Trade Practices Act ("DTPA"), entitling Plaintiff to economic damages; mental anguish damages; treble damages for knowing and intentional conduct; and injunctive relief prohibiting further unlawful reporting and collection.

## DAMAGES

17. As a direct and proximate result of Defendants' willful and knowing violations of federal and state law, Plaintiff has suffered damages, including but not limited to credit denials and loss of financing opportunities; economic loss and lost business opportunities; emotional distress, anxiety, and mental anguish; and loss of time, productivity, and out-of-pocket expenses.

18. Plaintiff seeks recovery of actual damages under 15 U.S.C. §§ 1681n, 1681o, 1692k; statutory damages as permitted by federal and state law; treble damages for DTPA violations; court costs and reasonable expenses; and injunctive and equitable relief prohibiting further unlawful reporting or collection.

19. Plaintiff requests an evidentiary hearing or such proceedings as the Court deems appropriate to determine the amount of damages.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that the Court:**

**1. Enter Default Judgment against Defendants;**

**2. Set a hearing to determine damages;**

**3. Award statutory, actual, treble, and equitable relief as authorized by law;**

**4. Grant such other and further relief as the Court deems just and proper.**

           **Respectfully Submitted,**

*[signature]*

/s/ Shakka Shaneak James
**SHAKKA SHANEAK JAMES**
**All Rights Reserved, Without Prejudice UCC 1-308**

All correspondences shall be addressed to, when electronic means are unavailable:

Shakka Shaneak James
Mailing Address: 1445 Woodmont Ln NW 3213, Atlanta, Georgia 30318
Phone: 404.428.3324 | Email: ministryjlm@proton.me

**CERTIFICATE OF SERVICE**

On December 15, 2025, I filed (the "foregoing document") with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*[signature]*

/s/ Shakka Shaneak James
**SHAKKA SHANEAK JAMES**