IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKKA SHANEAK JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3371-N-BN |
| | § | |
| ACURA FINANCIAL SERVICES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON JUDICIAL
SCREENING AND ENJOINING FURTHER FILINGS**

*Pro se* plaintiff Shakka Shaneak James filed this action in a Dallas County, Texas state court "seek[ing] redress for damages caused by multiple creditors who [James alleges] have failed to properly verify alleged debts, engaged in fraudulent or misleading contractual practices, and misrepresented the amount or validity of debts." *E.g.*, Dkt. No. 1-9 at 2 (operative compl. at time of removal).

Citing that James alleges violations of the Fair Credit Reporting Act, a federal statute, Defendant Navy Federal Credit Union removed under the Court's federal-question subject-matter jurisdiction. *See* Dkt. No. 1; 28 U.S.C. § 1331.

Senior United States District Judge David C. Godbey referred the removed action to the undersigned United States magistrate judge for pretrial management.

After reviewing the state court record attached to the notice of removal and the many filings already made in this case since removal to federal court, the Court enters this memorandum opinion and order on judicial screening and enjoining further filings in this case until the Court completes its screening.

While Navy Federal paid the filing fee when it removed this lawsuit to federal court, James obtained leave to proceed *in forma pauperis* ("IFP") in state court. *See* Dkt. No. 1-8.

This obligates the Court to "screen [James's] claims under the IFP statute, 28 U.S.C. § 1915(e)(2)(B)." *Oyekwe v. Research Now Grp., Inc.*, 542 F. Supp. 3d 496, 504 (N.D. Tex. 2021) (citing *Phillips v. City of Dall.*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) ("As this Court, among others, has recognized, Section 1915(e)(2)(B) applies to complaints, like Plaintiff's, 'that were originally filed IFP in state court and removed to federal court.'" (quoting *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014); citation omitted)), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam)).

The IFP statute requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

And, so, a federal district court is "statutor[ily] mandate[d] to dismiss a complaint whenever it becomes apparent to the court that no claim for relief is stated." *Harmon v. Nguyen*, No. 3:14-cv-2038-D-BN, 2016 WL 750923, at *5 (N.D. Tex. Feb. 4, 2016) (quoting *Moore-Bey v. Cohn*, 69 F. App'x 784, 787-88 (7th Cir. 2003) (per curiam)), *rec. adopted*, 2016 WL 740381 (N.D. Tex. Feb. 25, 2016).

Under this authority, the undersigned must examine James's factual allegations, the current iteration of which appear to be expressed through a second amended complaint (the "SAC") [Dkt. No. 15] that James filed after removal.

But the undersigned first must address James's ability to make this filing without first obtaining leave of court.

Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)).

But plaintiffs may amend their complaint only "once as a matter of course," FED. R. CIV. P. 15(a)(1). And "[o]nce means once." *Logue v. Patient First Corp.,* 246 F. Supp. 3d 1124, 1127 (D. Md. 2017).

And, because "[a] case removed from state court simply comes into the federal system in the same condition in which it left the state system," *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Etc.*, 415 U.S. 423, 435-36 (1974)), the Court notes that James amended the complaint (then a state court petition) prior to removal, *see* Dkt. Nos. 1-9 & 1-7.

Regardless, "where defendants challenge the pleadings on the merits after a case has been removed to federal court, plaintiffs should be permitted leave to amend their complaint in order to conform to the federal pleading standard." *Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 302 (5th Cir. 2024) (characterizing a holding of *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018)); *see, e.g.*, Dkt. No. 9 (Navy Federal's post-removal motion to dismiss the operative complaint at the time of removal).

And that "logic makes good sense: a plaintiff should not be penalized for

adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing to comply with the demands of [Federal Rule of Civil Procedure] 12(b)(6)." *Plamquist*, 103 F.4th at 303 (citing *Peña*, 879 F.3d at 617 ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment." (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013))))).

So, considering James's *pro se* status, the Court construes the SAC filed after removal to incorporate a motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2), which the Court GRANTS.

Turning to the substance of the SAC, like James's prior complaints, the SAC, based on events alleged to have occurred from September 2018 to August 2025, joins various defendants whose only connection to each other appears to be that each is alleged to be a creditor of James's that James believes violated a provision of Texas and/or federal law.

Pleading in this manner implicates Federal Rules of Civil Procedure 20 and 21. *Cf.* FED. R. CIV. P. 81(c)(1) (the Federal Rules of Civil Procedure – not Texas's rules of procedure – "apply to a civil action after it is removed from a state court").

> Federal Rule of Civil Procedure 21 provides the remedy for misjoinder and states "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Because there are no standards to determine

> whether parties are misjoined, courts look to Rule 20 on permissive joinder for guidance. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Pursuant to Rule 20, persons may be joined in one action as defendants if (1) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of occurrences, and (2) any question of law or fact common to all defendants will arise in the action.

*Viahart v. GangPeng*, No. 21-40166, 2022 WL 445161, at *4 (5th Cir. Feb. 14, 2022) (concluding that "joinder was appropriate" where the plaintiff "alleged the defendants were all working together," and, so, it "sufficiently alleged their conduct arose out of the same transaction, occurrence or series of occurrences" (citing *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) (characterized as "stating claims against independent defendants cannot be joined if the defendants are not acting in concert"); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012) (characterized as "concluding joinder was proper where plaintiff alleged defendants traded the same copyrighted work as a group"))).

And, so, "[a] district court has discretion under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may hail into court in a particular case." *Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam) (citing *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969)).

Combining this discretion with the Court's screening authority under Section 1915, the Court will require that James file a third amended complaint that complies with Rule 20. That filing must also meet the federal pleading standards set out below. And, if it does not, the amended pleading is subject to dismissal under Section 1915.

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the

claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

In sum, James is ORDERED to file a proper third amended complaint no later than **January 16, 2026**. Under the Court's Section 1915 screening obligation and its inherent authority to manage its docket, the Court also ORDERS that, until further order of the Court, no filings shall be made in this action other than James's filing of the Court-ordered third amended complaint or any motions by James related to the filing of that pleading (for example, a motion for extension of time). The Court therefore STAYS the deadline to serve a responsive pleading to the SAC pending the completion of judicial screening. *Cf.* FED. R. CIV. P. 12(a)(4). And James is WARNED that the failure to comply with this order subjects this lawsuit to dismissal under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: December 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE